UNITED STATES of America, Plaintiff-Appellee,

v.

Ned C. BAKES, Defendant-Appellant.

No. 15109.

United States Court of Appeals Seventh Circuit.

Dec. 21, 1965.

Rehearing Denied Jan. 28, 1966.

Joseph I. Bulger, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Barry J. Freeman, Richard G. Schultz, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Appellant, Ned C. Bakes, was found guilty by a jury after a trial on a two-count information charging him with violations of § 7203 of the Internal Revenue Code of 1954 through willful and knowing failure to file income tax returns for the years 1957 and 1959. The trial court fined Bakes $2500 and costs and sentenced him to one year imprisonment on each of the two counts, the sentences to run consecutively.

On appeal, Bakes claims Government failed to prove beyond a reasonable doubt that he willfully and knowingly failed to file income tax returns for 1957 and 1959.

At the trial, Government offered evidence tending to show that in 1957 Bakes received gross income in the sum of $30,-748.20 and in 1959 gross income of $41,-794.88.

Government witnesses testified that careful and exhaustive searches, which took into account possible erroneous indexing, were made of the records of the Internal Revenue Service for Bakes' 1957 and 1959 income tax returns and that there was no record either return had been filed.

Bakes and his wife, however, testified that returns for both 1957 and 1959 had been mailed to the District Director's office.

Lawrence Pawley, special agent for the Internal Revenue Service, testified he had informed Bakes on February 27, 1963 that the returns could not be found.

Government introduced exhibits, Government's group exhibit 16, allegedly copies of Bakes' 1957 and 1959 returns, which it received from Bakes' Washington attorney, Walter H. Maloney, in January, 1964. These returns were stated by Bakes to be photostatic copies of retained copies of his 1957 and 1959 returns which he had made and sent to Maloney in the latter part of 1963.

Bakes introduced exhibits, numbered 16 and 25, which were purported retained copies of his 1957 and 1959 tax returns. Defendant's exhibit 16, a purported copy of Bakes' 1957 return, was unlike the return in Government's exhibit 16 of which it was supposedly a photostatic copy, the former being typewritten and the latter handwritten. A Government expert on questioned documents testified that defendant's exhibit 25, the purported retained copy of the 1959 return, was not a carbon copy, but was an original document.

Bakes attempted to explain these discrepancies by stating that his exhibits 16 and 25 were original copies of his returns, while the copies he sent to Maloney were merely copies of the retained original copies. The figures and computations contained in the Maloney copy of the 1957 return, however, did not correspond with the figures and computations in the purported original retained copy. In the Maloney copy, an income figure of $14,500, which Government showed had been a portion of Bakes' 1957 income, was absent, a $3,800 figure appearing instead. Defendant's exhibit of the 1957 return, which was introduced into evidence after Government's proof of the $14,500 figure, however, did contain the $14,500 figure, instead of the $3,800 figure, which should have appeared if the Maloney copy was a true copy of the alleged original retained copy of the 1957 return.

There was other evidence which tended to show that for the years in which Bakes allegedly failed to file returns, his income was substantially greater than for the years in which he did file; that Bakes had a history of income tax payment delinquency; that Government had to garnishee Bakes' salary in order to collect his tax delinquencies; and that Bakes had attempted to avoid confrontations with agents of the Internal Revenue Service.

When the sufficiency of the evidence is challenged, the only function of this court is to determine whether the evidence was of such a character as to require submission to the jury, or whether the trial court should, instead, have directed a verdict of not guilty. United States v. National City Lines, 7 Cir., 186 F.2d 562, 569 (1951).

This court may not attempt to determine the credibility of witnesses who were heard and observed by the trial judge and jury, but must view the evidence in the light most favorable to the Government and sustain a jury verdict if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Crumble, 7 Cir., 331 F.2d 228, 230 (1964); United States v. Zimmerman, 7 Cir., 326 F.2d 1, 3 (1963).

A careful review of the record, in light of the foregoing, convincingly shows that the district court did not err in allowing the jury to determine whether Bakes willfully and knowingly failed to file income tax returns for the years 1957 and 1959. The jury verdict is supported by substantial evidence.

In his brief on appeal, Bakes makes passing reference to an issue of prejudicial publicity. While not urged in oral argument, we find there are no grounds for reversal predicated on that issue.

In the summary of his argument in his brief on appeal, Bakes claims that the trial court improperly overruled his objections to Government's evidence and improperly sustained Government's objections to his evidence. Bakes does not support his claims, and we find no merit in them.

Holding that the jury was warranted, by its general verdict of guilty, in finding that Bakes willfully failed to file his 1957 and 1959 income tax returns, and further holding that no prejudicial error was committed by the district court in the trial of this case, the judgment appealed from is affirmed.

Affirmed.