**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward E. MATOSKY, Defendant-Appellant.**

**No. 17435.**

United States Court of Appeals
Seventh Circuit.

Feb. 2, 1970.

Rehearing Denied Feb. 26, 1970.

Certiorari Denied May 18, 1970.
See 90 S.Ct. 1691.

Joseph A. Lamendella, David P. Schippers, Chicago, Ill., for defendant-appellant; Schippers, Betar, Lamendella & O'Brien, Chicago, Ill., of counsel.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Michael B. Nash, Richard A. Makarski, Samuel K. Skinner, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, HASTINGS, Senior Circuit Judge, and KILEY, Circuit Judge.

CASTLE, Chief Judge.

Defendant-appellant, Edward E. Matosky, prosecutes this appeal from the judgment of conviction and sentence entered following his trial before a jury on a three-count indictment charging failure to file timely income tax returns for the years 1962, 1963, and 1964, in violation of 26 U.S.C. § 7203.[1] The defendant predicates the existence of error requiring a reversal on the district court's rejection of instructions tendered by the defendant and the giving of the instructions it did.

There was evidence that the defendant had fled from New York to Chicago to avoid a state prosecution and that he did not file returns for 1962 and 1963, and did not file the return due for 1964 until April 17, 1967, in order to avoid detection of his whereabouts and apprehension. It was stipulated, however, that defendant was required to file income tax returns for the years involved, knew of this requirement, but did not file returns for 1962 and 1963, and did not file a return for 1964 until April 17, 1967.

It appears that the only issue for jury determination resulting from the trial was whether defendant's failure to file

---

1. 26 U.S.C. § 7203 provides: "Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

the returns for the relevant years was willful.

The defendant contends that the jury should have been instructed that the failure to file must have a tax associated motive to be "willful" within the meaning of § 7203, and that the evidence that defendant's failure to file was due to his fears that it would lead to his discovery and apprehension should be considered in determining whether the "willfulness" element of the offense had been established.

The instructions given by the trial court on the "willfulness" element of the offense advised the jury, inter alia, that "willful" as used in § 7203 means simply voluntary, purposeful, deliberate and intentional conduct as distinguished from accidental, inadvertent, or negligent conduct, and that the only bad purpose or bad motive necessary for the government to prove is a deliberate intention not to file returns which the defendant knew ought to have been filed.

The defendant's proffered instructions, which were refused, incorporated as an essential element of "willfulness" the existence of a tax associated motive —a failure to file "so that the government would not know the extent of liability" and "purpose to prevent the government from getting that which it lawfully requires" and would have advised the jury that in determining whether defendant's failure to file was "willful" it should consider the testimony that he did not file the returns because he feared they would disclose his identity and he would be prosecuted by the New York authorities and whether such reason was based on actual belief and held in good faith.

■ We perceive no error in the instruction as given by the trial court or in its rejection of the instructions tendered by the defendant.

Defendant's argument that the test of "willfulness" is the same under § 7203, as it is under § 7201,[2] has been rejected by the Supreme Court in Sansone v. United States, 380 U.S. 343, 351, 85 S. Ct. 1004, 13 L.Ed.2d 882 (1965). There the Court held that a mere willful omission is sufficient to commit the misdemeanor proscribed by § 7203, while a willful commission is required to commit the felony proscribed by § 7201.

A succinct discussion of the issue presented in the instant case is found in United States v. Schipani, 362 F.2d 825, 831 (2d Cir. 1966), cert. den. 385 U.S. 934, 87 S.Ct. 293, 17 L.Ed.2d 214, where the Court stated:

" 'Willfully' under § 7203 calls only for proof that the taxpayer failed to file his tax return intentionally and knowingly and not through accident or mistake or other innocent cause. 'Willfully' under § 7201 calls for proof that the taxpayer failed to file a tax return with the specific intention of evading or defeating payment of the tax. The context of the respective statutes makes this perfectly clear, and they have been so interpreted and construed by the Supreme Court. Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); Spies v. United States, [317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943)]."

See also United States v. Fahey, 411 F.2d 1213, 1214 (9th Cir. 1969), where the Court stated:

" * * * Unlike some other circuits,[3] we suggest that Congress intended to draw a distinction between an intent to *defraud* (which intent must be willful), and a willful intent to fail to

---

2. 26 U.S.C. § 7201 provides: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years or both, together with the costs of prosecution."

3. See Haner v. United States, 315 F.2d 792 (5th Cir. 1963); United States v. Vitiello, 363 F.2d 240, 22 A.L.R.3d 1161 (3d Cir. 1966).

*file,* which may or may not involve an intent to defraud. For example, one might honestly plan and intend to pay the tax revenues due his Government at some future time subsequent to the required filing date, and hence have no intent to defraud. If one intentionally fails to file a return (or keep records, or supply information) at the times required by law, with full knowledge he was required to do so (whether or not he can pay), would it not be an intentional act—not to defraud, but to file the required return? The Supreme Court has held it to be. Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).

'This misdemeanor requires only wilfulness and the omission of the required act. * * *

* * * * * *

'[T]he intent to report the income and pay the tax sometime in the future does not vitiate the wilfulness required by § 7203 * * * Id. at 354, 85 S.Ct. at 1011.' "

We believe *Schipani* and *Fahey* incorporate a correct interpretation of the statute and are in harmony with the Supreme Court's statement in Spies v. United States, 317 U.S. 492, 496, 63 S.Ct. 364, 366–367, 87 L.Ed. 418 (1943), that,

"* * * a duty may exist even when there is no tax liability to serve as a base for application of a percentage delinquency penalty; the default may relate to matters not identifiable with tax for a particular period; and the offense may be more grievous than a case for civil penalty. Hence the willful failure to make a return, keep records, or supply information when required, is made a misdemeanor, without regard to existence of a tax liability. * * * Punctuality is important to the fiscal system, and these are sanctions to assure punctual as well as faithful performance of these duties."

Thus, contrary to defendant's contention, the defendant's motive need not be restricted to an intent to defraud the Government in order for there to be a violation of § 7203. Rather, the Government has proven its case when it has established beyond a reasonable doubt: that the defendant was required to file a return; that he knew that he was so required; and that he willfully or purposefully, as distinguished from inadvertently, negligently, or mistakenly,[4] failed to file such a return. His reasons for failing to so file are irrelevant under § 7203, so long as the above facts are shown. The only good faith defense to a charge of failure to file a required return is one where the defendant alleges "a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained * * *." United States v. Murdock, 290 U.S. 389, 396, 54 S.Ct. 223, 226, 78 L.Ed. 381 (1933). Since no such defense was raised by defendant in the instant case, the requested instruction was properly refused.

For the foregoing reasons, the judgment of conviction is affirmed.

Affirmed.

---

4. See Haner v. United States, 315 F.2d 792, 794 (5th Cir. 1963).