THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO RIVERA ADORNO, Defendant and Appellant.

No. CR-69-121.     Decided January 13, 1971.

*Francisco Coll Moya* and *Yamil Galib* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Ruth Tentori Lebrón Velázquez, Assistant Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appellant was charged with violations of § 145(a) and (b) of Act No. 91 of June 29, 1954, as amended—Income Tax Act (13 L.P.R.A. § 3145). He was found not guilty by the jury of the offense of violation of § 145(b) but the trial judge found him guilty of the misdemeanors consisting in not filing the income tax returns corresponding to the years 1961 and 1962, as required by § 51 of Act No. 91 (13 L.P.R.A. § 3051(a)), for which reason the provisions of § 145(a) of said Act were violated. He was sentenced to pay fines of $5,000 and $10,000 plus costs.

He assigns that the sentences are contrary to law and are not supported by the evidence and that the trial court erred in weighing the evidence.

For the grounds related hereinafter, we do not agree.

The evidence shows that appellant informed an internal revenue agent that he was single with two dependents, that he had no income for wages, society benefits, division of corporations, nor received any inheritance or gift, nor insurance nor payments for claims, nor had any business or. a job during the years 1961 and 1962. Until 1960 he lived with an uncle. He informed said agent that he did not file an income tax return during those two years because he did not have a taxable income. The only properties of appellant which were found were two savings accounts. One was open

in 1961 at the Banco de Ponce, the movement of the same was the following:

| Date | Deposits | Withdrawals | Interest |
|---|---|---|---|
| 21-4-61 | 10,350.00 | | |
| 3-5-61 | 6,250.00* | | |
| 31-5-61 | 2,450.00* | | |
| 23-6-61 | | | |
| 7-7-61 | 7,150.00* | | 89.13 |
| 15-8-61 | | 25,000.00 | |
| 31-8-61 | 12,500.00* | | |
| 5-10-61 | 512.00* | | |
| 2-11-61 | 10,000.00 | | |
| 16-11-61 | 1,803.00* | | |
| 17-11-61 | | 10,000.00 | |
| 28-12-61 | | 3,080.58 | |
| 21-12-61 | 2,400.00* | | |
| 26-12-61 | | | 240.18 |
| Totals 1961 | 53,415.00 | 38,080.58 | 329.31 |

—1962—

| Date | Deposits | Withdrawals | Interest |
|---|---|---|---|
| 15-3-62 | 40,000.00* | | |
| 4-4-62 | | 5,022.50 | |
| 13-4-62 | | 1,501.71 | |
| 17-4-62 | | 10,000.00 | |
| 18-4-62 | | 250.00 | |
| 19-4-62 | 22.50 | 17,898.29 | |
| 19-4-62 | 250.00 | 600.00 | |
| 4-62 | | | 135.17 |
| 9-5-62 | 166.50 | | |
| 31-5-62 | 166.50 | | |
| 5-7-62 | 166.50 | | |
| 12-6-62 | | 20,000.00 | |

| Date | Deposits | Withdrawals | Interest |
|---|---|---|---|
| 28-6-62 | | | 9.76 |
| 6-7-62 | 650.00 | | |
| 8-8-62 | 166.50 | | |
| 16-8-62 | 20,000.00 | | |
| 8-9-62 | | | 16.90 |
| 12-9-62 | 166.50 | | |
| 28-9-62 | 25,000.00 | | |
| 5-11-62 | | 47,000.00 | |
| 28-12-62 | | | 4.09 |
| Totals | $86,871.50 | $102,272.50 | 165.92[1] |

Appellant opened the other account at the Chase Manhattan Bank on November 11, 1962, with a deposit in the amount of $19,550, product of a Puerto Rico Lottery Ticket Prize. Said deposit was withdrawn on December 1, of that same year.

Appellant informed the internal revenue agent personal expenses of $4,558 for each of the years 1961 and 1962 consisting in $750 for food, $200 for clothes, $120 for electricity, $60 for water, $120 for laundry, $150 for entertainment, $20 for magazines, and $1,200 for lottery tickets. Note that during 1961, the first withdrawal which appellant made from said savings account was on August 15, 1961, when on that date he had already incurred in personal expenses in excess of the $800 without the evidence establishing the source or origin of the funds available for such expenses.

Appellant argues that (1) appellant's allegation that the income earned by him during the years in question originated from prizes obtained in the Puerto Rico Lottery raffles was disregarded; (2) every deposit was incorrectly considered as an income; (3) it was assumed not only that every bank

---

[1] The amounts marked with asteriks are deposits made by presenting checks issued by the Puerto Rico Lottery Bureau in the name of Pedro Rivera Adorno as payment of winning lottery tickets.

deposit constituted income but that all the investments and life and personal expenses of appellant were made with additional funds, different and separate from his deposits in question.

We conclude that the trial court had sufficient evidence to justify its finding that appellant *willfully* failed to file or declare his income during the years 1961 and 1962 on account of having had during each one of those years a gross income of more than $800, as required by §§ 145(a) and 51 of said Act No. 91.

It is necessary to determine first the precise meaning of the term *willfully* when it is used in the definition of the misdemeanor of not filing the income tax returns timely. In *People* v. *Calzada*, 93 P.R.R. 783 (1966), we defined the scope of said term in connection with the offense of failure to pay the tax.

Section 145 of cited Act No. 91 provides, among other things, that any person required by said Act to file a return or a declaration, who *willfully fails to file it* within the term fixed by the Act, will be guilty of a misdemeanor and shall be fined not more than $10,000 or imprisoned for not more than one year in a penal institution, or both, plus the costs of prosecution. Section 51(a) of said Act provides that every individual who is single or who is married but not living with spouse, will file a return, which, according to § 53 of the Act in question (13 L.P.R.A. § 3053), shall be filed on or before the 15th of April following the close of the calendar year.

Section 559 of the Penal Code states that "The word *wilfully* when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to."

In *United States* v. *Murdock*, 290 U.S. 389, 395 (1933), the Supreme Court of the United States stated that the term willfully refers to an act which is intentional, or knowing, or

voluntary, as distinguished from accidental. "But when used in a criminal statute it generally means an act done with a bad purpose . . .; without justifiable excuse : . .; stubbornly, obstinately, perversely. . . . The word is also employed to characterize a thing done without ground for believing it is lawful . . . or conduct marked by careless disregard whether or not one has the right so to act. . . ."

In *United States* v. *Illinois Cent. R. Co.*, 303 U.S. 239, 242 (1938), it was stated by said Supreme Court that statutes denouncing offenses involving turpitude, the term willfully is generally used to mean with evil purpose, criminal intent, or the like. But in those denouncing acts not in themselves wrong, the word is often used without any such implication. Citing *Murdock, supra,* the Court states that the term frequently means that which is intentional, or knowing, or voluntary, as distinguished from accidental, and that is employed to characterize "conduct marked by careless disregard whether or not one has the right so to act."

Said Court stated in *Spies* v. *United States*, 317 U.S. 492, 497 (1942), that "the difference between willful failure to pay a tax when due, which is made a misdemeanor, and willful attempt to defeat and evade one, which is made a felony, is not easy to detect or define. Both must be willful, and willful, as we have said, is a word of many meanings . . . . . *It may well mean something more as applied to nonpayment of a tax than when applied to failure to make a return. Mere voluntary and purposeful, as distinguished from accidental, omission to make a timely return might meet the test of willfulness.*" (Italics ours.) The Court added, however, that when the willful or intentional failure to pay a tax is involved "We would expect willfulness in such a case to include some element of evil motive and want of justification in view of all the financial circumstances of the taxpayer."

In *Sansone* v. *United States*, 380 U.S. 343, 351 (1965), the Court ruled, concerning the misdemeanor of not comply-

ing with a series of acts specified by the Tax Act, in this case the failure to pay a tax when due, that "This misdemeanor requires only willfulness and the omission of the required act—here the payment of the tax when due. As recognized by this Court in *Spies* v. *United States, supra* at 499, the difference between a mere willful failure to pay a tax . . . when due . . . and a willful attempt to evade or defeat taxes . . ., is that the latter felony involves some willful commission in addition to the willful omissions that make up the list of misdemeanors."

*United States* v. *Matosky*, 421 F.2d 410 (7th Cir. 1970), upheld an instruction in a case of failure to file income tax returns for three years, to the effect that the only bad purpose or bad motive necessary for the government to prove was a deliberate intention not to file returns which defendant knew ought to have been filed and that *willful* means *voluntary, purposeful, deliberate, and intentional conduct as distinguished from accidental, inadvertent or negligent conduct.*

■ In the case of misdemeanor of not filing the return, willfulness only requires evidence that the taxpayer failed to file his income tax return intentionally notwithstanding having knowledge of such obligation and not on account of an accident, error or other innocent cause, *United States* v. *Schipani*, 362 F.2d 825, 831 (2d Cir. 1966). Evidence that the taxpayer did not keep records tends to support the willfulness of the offensive act, *Cooper* v. *United States*, 321 F.2d 274, 277 (5th Cir. 1963).

■ In *United States* v. *Fahey*, 411 F.2d 1213, 1214 (9th Cir. 1969), the court concluded that Congress had the purpose of distinguishing between the intent to defraud (intent which should be willful) and the willful intent of not filing (the return) which may or may not involve an intent to defraud. The Court stated "If one intentionally fails to file a return (or keep records, or supply information) at the times required by law, with full knowledge he was required

to do so . . . would it not be an intentional act—not to defraud, but to file the required return? The Supreme Court has held it to be." It cites from *Sansone, supra*, the following: "This misdemeanor [intentionally failing to file a return] requires only wilfulness and the omission of the required act." The Court reaffirmed a rule it adopted in a previous case to the effect that "The word wilful as used in [the misdemeanor] counts . . . that is, failure to make a tax return, means with a bad purpose or without grounds for believing that one's act is lawful *or* without reasonable cause, *or* capriciously *or* with a careless disregard whether one has the right so to act." (Italics ours.)

We do not believe that the adverse doctrine, adopted by the courts of appeals of the third and fifth federal circuits is the most fitting construction about the scope of *Spies, supra, Murdock, supra, Illinois Central R. Co., supra*, and *Sansone, supra*. In *United States* v. *Vitiello*, 363 F.2d 240 (3d Cir. 1966), the court concluded that an instruction to the jury in a case of failure to file some income tax returns, stated in the terms of the doctrine maintained in *Fahey, supra*, was erroneous, even when it was not objected to in the trial court, because the court of appeals understood that the term willful was limited by *Murdock, supra*, and *Spies, supra*, in penal statutes, to acts done with a bad purpose, without justifiable excuse, stubbornly, obstinately, and perversely. Similar ruling was issued in *Haner* v. *United States*, 315 F.2d 792 (5th Cir. 1963).

We conclude from the foregoing that in cases for the misdemeanor of failure to file income tax returns, we should give the term willfulness the scope which was recognized in *Matosky, supra, Schipani, supra*, and *Fahey, supra*, as the doctrine in these cases reflects, with greater precision and exactitude, the meaning which the Supreme Court of the United States sought give to said term, because that doctrine is not in conflict with any constitutional provision, and be-

cause it adapts better to the conditions and circumstances prevailing in this jurisdiction.

In the case at bar, the evidence establishes that appellant knew his duty of filing an income tax return for each one of the years 1961 and 1962, although he told an internal revenue agent that he did not do it because he did not have taxable income. The evidence established that he had such income in each one of those years and that appellant necessarily must have had knowledge thereof. In each one of those years, deposits appear in appellant's savings account which do not originate from lottery prizes which appellant collected and received with unusual frequency. Specifically, in the savings account at the Banco de Ponce there appear some deposits which are not exempt from the payment of income tax. Also, during the first eight months of the year 1961, appellant necessarily disposed of funds to defray his personal expenses which were in great excess of $800 without it appearing from the evidence that such funds originated from the income of lottery prizes. During those eight months, appellant did not withdraw funds from his one and only savings account. So that the funds used by appellant to cover such personal expenses were necessarily of a taxable nature.

The foregoing evidence justifies the conclusion that appellant willfully and intentionally failed to file income tax returns during the years 1961 and 1962. His conduct shows that he incurred these omissions "without reasonable excuse, without having reason to believe that they were lawful" said conduct being "marked by indifference or disregard" about whether or not it was correct to fail to file such returns.

In view of the foregoing the judgments rendered in this case by the Superior Court, San Juan Part, on March 6, 1967, will be affirmed.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Santana Becerra did not participate herein.