COMMONWEALTH *vs.* MERRILL B. NEARIS. March 10, 1978. 1. The defendant admitted that he had been aware of the entire course of the dealings between Sprague and the victim. The jury were not obliged to believe the defendant's explanation of the circumstances. "It is elementary that the acceptance or rejection of oral testimony, in whole or in part, is within the exclusive province of the jury." *Commomwealth* v. *Holiday,* 349 Mass. 126, 129 (1965). Cf. *Commonwealth* v. *McInerney,* 373 Mass. 136, 144-148 (1977). 2. The defendant claims that the written agreement with the victim could not have created a trust because it lacked a number of elements common to many written trust instruments. His contention in this respect (if relevant) is erroneous as matter of law (see *Povey* v. *Colonial Beacon Oil Co.,* 294 Mass. 86, 90 [1936]), and the defendant, who was the attorney who drafted the trust instrument, is in no position to say he did not appreciate the full dimensions of the fiduciary relationship between Sprague and the

victim. 3. The trial judge's instructions to the jury adequately covered all the issues which on the evidence were appropriate for the jury to consider. See *Commonwealth* v. *Kelley*, 359 Mass. 77, 92 (1971), and cases cited. The judge did not err in refusing to include the defendant's requested instructions in his charge, as none was required to be given. See *Commonwealth* v. *Greenberg*, 339 Mass. 557, 584-585 (1959). 4. The defendant's claim of ineffective assistance of counsel at trial lacks merit for the reason, among others, that there has been no showing that he was deprived of any "otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). "[T]he basic trouble from the defense standpoint was weaknesses in the facts rather than any inadequacy of counsel." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 111 (1977). 5. The remaining assignments of error argued on appeal (see Rule 1 : 13 of the Appeals Court, as amended effective February 27, 1975, 3 Mass. App. Ct. 801 [1975]) have been considered and are totally lacking in merit.

*Judgment affirmed.*

The case was submitted on briefs.
*Merrill B. Nearis*, pro se.
*Garrett H. Byrne*, District Attorney, & *Andrew P. Hier*, Assistant District Attorney, for the Commonwealth.