COMMONWEALTH vs. THEODORE C. GARABEDIAN.

Suffolk.    September 14, 1979. — October 17, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Taxation*, Income tax returns. *Practice, Criminal*, Directed verdict, Trial of indictments together. *Evidence*, Business record, Information stored on computer, Income tax returns.

At the trial of a defendant charged with failure to file State income tax returns for 1974 and 1975, there was sufficient evidence to warrant the denial of the defendant's motion for a finding of not guilty. [444]

At the trial of a defendant charged with failure to file State income tax returns, there was no error in admitting testimony of the keeper of the records of the Department of Revenue to the effect that the department had no record of the defendant's having filed income tax returns for 1974 or 1975. [445-446]

At a criminal trial, the judge did not err in refusing to sever for trial four indictments charging the defendant with failure to file State income tax returns for four successive years. [446]

There was no merit to a claim by a defendant charged with failure to file State income tax returns that his Federal income tax returns were not admissible. [446]

INDICTMENTS found and returned in the Superior Court on April 14, 1978.

The cases were heard by *Nolan, J.*

*Theodore C. Garabedian*, pro se.

*Paul W. Shaw*, Assistant Attorney General, for the Commonwealth.

KASS, J. Four indictments were returned in 1978 against the defendant for failing to file his State income tax return for the calendar years 1973, 1974, 1975, and 1976. Section 56 of G. L. c. 62, read together with §§ 22 and 24 of that chapter, as in effect prior to October 15,

1976,[1] required persons who earned more than $2,000 in gross income in any tax year to file a return on or before the fifteenth day of the fourth month following the close of each tax year. The defendant was, therefore, obliged to file his tax returns on or before the April 15 following each of the calendar years in question. Standing trial without jury, the defendant was acquitted as to 1973 and 1976 and convicted as to 1974 and 1975. It is from these convictions that he appeals.

Viewing the evidence in the light most favorable to the Commonwealth, the trier of fact could have found:

The defendant, a lawyer, had earned enough in 1974 and 1975 to require him to file State tax returns for those years, and he had filed Federal tax returns for those periods. A tax examiner from the Department of Revenue,[2] John Rano, went to the defendant's office about his tax returns on July 10, 1975. The defendant's secretary produced a return for 1973, accompanied by a check for the taxes shown as due.[3] She also attempted to deliver a return for 1974 without a check,[4] but Rano refused to accept it. There was not enough in the defendant's checking account to cover the taxes due for 1974. The secretary's memory was that she mailed the 1974 return to the Boston office of the Department of Revenue. Her memory was that she similarly mailed the return for 1975, which was due April 15, 1976.

---

[1] The substance of G. L. c. 62, §§ 22, 24, and 56, now appears in G. L. c. 62C, §§ 6 and 73. Chapter 62C was inserted by St. 1976, c. 415, § 22.

[2] During the years in question, this was the Department of Corporations and Taxation; the name was changed by St. 1978, c. 514, § 5. We shall use the current name in this opinion.

[3] As first offered, the check was blank, and Rano made a side excursion to the defendant at a courthouse, where the defendant completed the check.

[4] Under currently applicable law, which does not differ in substance from the prior law, the offense described by G. L. c. 62C, § 73, is the wilful failure to file a tax return when due. A failure to pay the tax shown as owing on a return is subject to civil penalties. See G. L. c. 62C, § 33.

The keeper of records of the Department of Revenue made a search of the department's computer record of tax returns and found no record of a filing by the defendant for 1974 and 1975.

We turn to the defendant's assignments of error.

1. Since the defendant concedes, as to the return due April 15, 1975, that he had not filed by July 10, 1975, and, at best, on that date attempted to deliver a return to the tax examiner, it follows that the trial judge committed no error in denying the defendant's motion for a finding of not guilty. A prima facie case of failure to file had been established. It was open to the defendant to show in his defense that he had received an extension of time for filing. The record is barren of any suggestion that he either asked for, or received, an extension. As to both the 1974 and 1975 returns, the judge could well have been skeptical about the accuracy of the memory of the defendant's secretary that she mailed these returns. "It's in the mail," is one of the fabled jests of the bar. The weight and credibility to be given her testimony was for the trier of fact to decide. *Commonwealth* v. *Holiday*, 349 Mass. 126, 129 (1965). *Commonwealth* v. *Nearis*, 6 Mass. App. Ct. 854 (1978). So, for example, in a prosecution for wilful failure to file a Federal income tax return, it was held that no error attended denial of a motion for a directed verdict where the taxpayer and his wife testified they had mailed their returns to the Internal Revenue Service and the latter offered evidence that it had no record of a return having been filed. *United States* v. *Bakes*, 354 F.2d 640, 641 (7th Cir. 1965), cert. denied, 383 U.S. 968 (1966). It was open to the judge to conclude that since the defendant had filed Federal tax returns and had not proffered the 1974 return until a tax examiner came calling on him, his failure to file State tax returns was deliberate and, therefore, wilful in the statutory sense. *United States* v. *Matosky*, 421 F.2d 410, 412 (7th Cir.), cert. denied, 398 U.S. 904 (1970).

2. No error attended the admission of testimony of the keeper of the records of the Department of Revenue to the effect that the department had no record of the defendant's having filed an income tax return for 1974 or 1975. That testimony was based on a business record admissible under G. L. c. 233, § 78. The defendant makes no suggestion that the foundation requirements of § 78 were not met; rather, he protests that evidence which merely established that the department had no record of his returns for 1974 and 1975 was not competent to establish that he did not file those returns.

Evidence that no file or entry is found to exist in official records is admissible to show that the records contain no such file or entry. See *Commonwealth* v. *Torrealba*, 316 Mass. 24, 30 (1944); G. L. c. 223A, § 14; *Commonwealth* v. *Hogan*, 7 Mass. App. Ct. 236, 251 nn.13 & 14 (1979), further appellate review granted, 377 Mass. 920 (1979); 1 Wigmore, Evidence § 160 (3d ed. 1940). In *United States* v. *Farris*, 517 F.2d 226, 227-228 (7th Cir.), cert. denied, 423 U.S. 892 (1975), the court interpreted Rule 44(b) of the Federal Rules of Civil Procedure, applicable to criminal proceedings under Rule 27 of the Federal Rules of Criminal Procedure, to admit in evidence (in a prosecution for wilful failure to file a Federal tax return) the statement of the director of the Treasury Department's computer center that computer records showed no tax return filings by the defendant. Rule 44(b) is identical to Rule 40(b) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 918 (1979). The Rules of Criminal Procedure did not become effective until July 1, 1979, but the Reporters' Notes to Rule 40, Mass. Ann. Laws, Rules of Criminal Procedure at 582 (1979), state that the rule formally recognizes previous practice.

The defendant Garabedian contends that the computer system is unreliable, noting that although the defendant did file his 1973 tax return, the Department of Revenue did not find this return through the use of its computer system until the defendant produced a cancelled check.

However, the possibility that the department's computer might have erred goes to the weight of the testimony of the keeper of records, not its admissibility.

3. There was no error by the trial judge in declining to sever for trial four indictments charging four separate failures (in successive years) to file income tax returns. The subject matter was related; there was but one defendant. There is not the slightest showing that the defendant was prejudiced by the obviously sensible course of simultaneously trying violations by the single defendant relating to consecutive tax years. Whether to sever was in the sound discretion of the judge. *Commonwealth* v. *Jervis*, 368 Mass. 638, 645 (1975). *Commonwealth* v. *Drew*, 4 Mass. App. Ct. 30, 33 (1976). *Commonwealth* v. *Young*, 6 Mass. App. Ct. 953 (1978). Compare *Commonwealth* v. *Blow*, 362 Mass. 196, 200-201 (1972).

4. Finally, there is no merit whatever in the defendant's claim that his 1974 and 1975 Federal income tax returns were not admissible. The confidentiality of Federal tax returns, I.R.C. § 6103(a), is subject to exceptions which include a State judicial proceeding relating to tax administration. I.R.C. § 6103 (h) (4) (A) and (B). There is no general constitutional requirement of secrecy for tax returns. Secrecy has been created by statute and as matter of grace only. *Opinion of the Justices*, 328 Mass. 663, 665 (1952).

*Exceptions overruled.*