NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-63

COMMONWEALTH

vs.

STEVEN R. BANKERT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Steven R. Bankert, appeals from convictions of six counts of failure to file a tax return, G. L. c. 62C, § 73 (c).  We conclude that the defendant's admission to two elements of the crime was properly conveyed to the jury before the close of the Commonwealth's case and that testimony that, by 2016, the defendant's last tax filing was for 1995 provided sufficient evidence that he failed to file tax returns for 2006 through 2011.  Further concluding that the defendant's various new challenges to testimony concerning the search of the computer database of the Department of Revenue (department) fail to create a substantial risk of a miscarriage of justice, we affirm.

1.  Stipulation.  Under Mass. R. Crim. P. 23 (a), 471 Mass. 1501 (2015), any "stipulation to an essential element of a charged offense entered by the parties before or during trial shall be in writing and signed by the prosecutor, the defendant, and defense counsel" and "shall be read to the jury before the close of the Commonwealth's case."  It is "incumbent on the Commonwealth to ensure that any stipulation concerning the existence of an element of the crime charged or of any material fact related to proof of the crime is presented in some manner to the jury" as part of its case.  Commonwealth v. Kurko, 95 Mass. App. Ct. 719, 721 (2019), quoting Commonwealth v. Ortiz, 466 Mass. 475, 476 (2013).

Even assuming that the admission in this case was a stipulation, it was presented to the jury repeatedly before the close of the Commonwealth's case.  The trial judge described the admission almost verbatim during jury empanelment.  Before the jury were sworn in, the admission was admitted as an exhibit.  Both parties then described the admission, which was signed by the defendant and defense counsel, to the jury, and defense counsel specifically told the jury that it had been "marked as Exhibit 1."  Early during the testimony of the first Commonwealth witness, the judge confirmed to the jury that the admission was an exhibit "signed by the defendant."  The requirement (if any) that the admission be conveyed to the jury

2

before the close of the Commonwealth's case was amply satisfied. Contrast Kurko, 95 Mass. App. Ct. at 722 ("At the close of evidence in the case at bar, the jury had no evidence before them [of the stipulation]").

2. Sufficiency of the evidence. "[W]e consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Erler, 106 Mass. App. Ct. 149, 157 (2025), quoting Commonwealth v. Lagotic, 102 Mass. App. Ct. 405, 407 (2023). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 162 (2019), quoting Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016).

Here, a department investigator testified that he reviewed the department's records, and that the defendant's most recent tax filing was in 1995. See Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014), quoting Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 98 (2010) (sufficiency of evidence "is to be measured upon that which was admitted in evidence without regard to the propriety of the admission"). As he testified that he conducted that search in 2016, and tax returns are due no later than October 15 of the following year, this provided sufficient

3

evidence that the defendant failed to file tax returns for each of the years 2006, 2007, 2008, 2009, 2010, and 2011.[1]

3. Admissibility of the investigator's testimony. a. Preservation. As stated, the investigator testified that he reviewed the department's records to determine whether the defendant filed tax returns for the years in question. More specifically, he searched the internal department "database that tracks tax filings" for filings under the defendant's social security number. At trial, the defendant raised no objection to the investigator's testimony regarding not finding any filings for the years 2006 through 2011. The defendant objected to the investigator's testimony that he discovered a filing for 1995, but only on the grounds that it was irrelevant, too attenuated in time, and more prejudicial than probative. Because the defendant is raising different grounds on appeal as to admissibility than those raised at trial, we review only for a substantial risk of a miscarriage of justice. See Commonwealth v. Sanchez, 96 Mass. App. Ct. 1, 8 n.8 (2019).

---

[1] The defendant does not challenge the sufficiency of the Commonwealth's evidence of the defendant's intent. See G. L. c. 62C, § 73 (c). The jury could find that the defendant was a resident of Massachusetts and that he made more than $8,000 in each of the tax years, G. L. c. 62C, § 6 (a), from the defendant's signed admission.

4

b.  Hearsay.  As the defendant posits, the proponent of

evidence facing a hearsay objection has "the burden to

demonstrate that the record . . . was computer-generated."

Commonwealth v. Brea, 488 Mass. 150, 162 (2021).  In the absence

of such an objection, however, the Commonwealth had no reason to

prolong the jury trial by establishing the obvious fact that the

department computer system can generate reports listing tax

filings over time by social security number.  Cf. Commonwealth

v. Lawson, 475 Mass. 806, 809 n.3 (2016) ("Where otherwise

inadmissible hearsay is admitted without objection or request

for a limiting instruction, it may be considered by the finder

of fact for all purposes").  We discern no substantial risk of a

miscarriage of justice from the Commonwealth's failure in this

regard.[2]

c.  Authentication.  "To establish authentication, the

Commonwealth was required to show 'that the item in question is

what the proponent claims it to be.'"  Commonwealth v. Fielding,

---

[2] We also reject the defendant's contention that only a
keeper of the records may testify to the results of a search of
a computer database.  There is no obvious reason why that would
be required.  The witness in Commonwealth v. Lopes, 85 Mass.
App. Ct. 341, 351-352 (2014), was a Registry of Motor Vehicles
branch manager, not a keeper of the records, and properly
testified concerning her search of the registry's database.  The
mere fact that the Commonwealth happened to use a keeper of the
records in Commonwealth v. Garabedian, 8 Mass. App. Ct. 442, 444
(1979), does not mean that such is a requirement for
admissibility.

5

94 Mass. App. Ct. 718, 721 (2019), quoting Commonwealth v. Purdy, 459 Mass. 442, 447 (2011). Here, the investigator's testimony established that his testimony was what the Commonwealth claimed it to be, the department's database's report of the defendant's tax filings.

The defendant's actual challenge on appeal appears to be not authentication, but reliability. It is true, as the defendant states in his brief, that the investigator "did not explain how the database worked, did not know how the paper returns were processed, and never testified about how online tax return filings were processed or uploaded into the Department's system." Such concerns about the reliability of the computer database, however, "w[ere] relevant to the weight, not the admissibility" of the testimony. Purdy, 459 Mass. at 451. Accord Commonwealth v. Meola, 95 Mass. App. Ct. 303, 313 (2019), quoting United States v. Vayner, 769 F.3d 125, 131 (2d Cir. 2014) ("Thus, after the proponent of the evidence has adduced sufficient evidence to support a finding that the proffered evidence is what it is claimed to be, the opposing party remains free to challenge the reliability of the evidence, to minimize its importance, or to argue alternative interpretations of its meaning, but these and similar other challenges go to the weight of the evidence -- not to its admissibility"). Indeed, the defendant proceeded to argue to the jury with vigor (and no

6

small amount of force) that the investigator may have made a mistake when searching the database and that the database could be unreliable.  The trier of fact was the proper audience for those arguments.

d.  Best evidence rule.  "The best evidence rule provides that, where the contents of a document are to be proved, the party must either produce the original or show a sufficient excuse for its nonproduction."  Commonwealth v. Alden, 93 Mass. App. Ct. 438, 442 (2018), cert. denied, 587 U.S. 987 (2010), quoting Commonwealth v. Ocasio, 434 Mass. 1, 6 (2001).  Here, the investigator testified that the defendant filed a tax return in 1995, but mentioned nothing about the contents of that document.  Accordingly, the best evidence rule is inapplicable.

Judgments affirmed.

By the Court (Meade,
Ditkoff & Toone, JJ.[3]),

Clerk

Entered:  January 9, 2026.

---

[3] The panelists are listed in order of seniority.