**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph GRATTON, Defendant-Appellant.**

**No. 75–1232.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 11, 1975.

Decided Nov. 6, 1975.

Rehearing and Rehearing En Banc Denied Dec. 29, 1975.

Stay Denied Jan. 16, 1976. See 96 S.Ct. 1090.

Geoffrey G. Gilbert, Chicago, Ill., for defendant-appellant.

Samuel K. Skinner, U. S. Atty., Thomas K. McQueen, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, HASTINGS, Senior Circuit Judge, and CAMPBELL, Senior District Judge.*

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

FAIRCHILD, Chief Judge.

Joseph Gratton appeals from his conviction on January 22, 1975 of possession of checks which he knew to have been stolen from the mails, in violation of 18 U.S.C. § 1708.

■ Gratton challenges his conviction on three grounds. First, he contends that the district court erred in refusing to give his tendered instruction on reasonable doubt, while giving the Government's tendered instruction which referred to a reasonable doubt as substantial rather than speculative. Since Gratton's counsel did not object at trial to the instruction now challenged, see Fed. R.Crim.P. 30, our standard of review is whether the challenged instruction constitutes plain error, in accordance with Fed.R.Crim.P. 52(b).

The district court gave the following instruction, LaBuy 6.01–3:

"A 'reasonable doubt' means a doubt based on reason and *it must be substantial rather than speculative,* it must be sufficient to cause you as a reasonably prudent person to hesitate to act in the more important affairs of your life." (Emphasis added.)

The use of the words "substantial doubt" as equivalent to "reasonable doubt" was found objectionable by this court in *United States v. Bridges,* 499 F.2d 179, 185–86 (7th Cir. 1974), *cert. denied,* 419 U.S. 1010, 95 S.Ct. 330, 42 L.Ed.2d 284. See also *United States v. Alvero,* 470 F.2d 981 (5th Cir. 1972). On the other hand, we approved LaBuy 6.01–3, the instruction at issue here, in dictum in *United States v. Lawson,* 507 F.2d 433, 440 (7th Cir. 1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762.

As noted above, however, the issue before us is whether the instruction constituted plain error, and we conclude that it did not. In *United States v. Atkins,* 487 F.2d 257, 260 (8th Cir. 1973), the Court held that in the absence of a Rule 30 objection, an instruction defining reasonable doubt as substantial doubt was not plain error.

■ Second, Gratton claims the court erred by refusing to give the following instruction:

"Under the law of Illinois, a person who cashes a check that turns out to have been stolen is civilly liable to the person who cashed the check, and if you find that Mr. Gratton reimbursed the party who cashed any one or more of the checks set forth in the indictment, in whole or in part, you are not to consider that as an admission of guilt."

Gratton's defense was that he did not know the checks had been stolen. He brought out testimony that he had made restitution for some of the checks, apparently for the purpose of demonstrating good faith and honesty. The Government did not suggest that the acts of restitution were admissions of guilt.

Defense counsel did not object to the refusal of the instruction in accordance with Fed.R.Crim.P. 30. The mere offer of the instruction does not preserve the error for appeal. If the party whose tendered instruction is refused fails to object to the refusal, stating distinctly the grounds of his objection, the Court of Appeals may review the refusal to instruct only to determine whether it constitutes plain error within the meaning of Fed.R.Crim.P. 52(b). *United States v. Lawson,* 507 F.2d 433, 443–44 (7th Cir. 1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762; *United States v. Jackson,* 477 F.2d 879, 880 (8th Cir. 1973).

Under the circumstances it is doubtful that refusal to give the instruction, peripheral as it was to Gratton's defense, would have been deemed reversible error even if the refusal had been fully objected to. It surely does not constitute plain error.

■ Finally, Gratton contends that the trial court's refusal to accept a plea of *nolo contendere* is reversible error. We disagree.

Gratton's argument is that while the trial judge has broad discretion to accept or reject a *nolo* plea, he is obligated at

least to consider the plea, and that in this case the court refused even to consider it, stating an unbroken record for many years of not accepting *nolo* pleas, as well as the view that even if a plea were otherwise acceptable it would not be accepted without defendant's express admission of the fact of guilt. Gratton admits to having discovered no case reversing a trial court for failure to accept a *nolo* plea, but urges application of the principle that a refusal to consider exercising a discretionary power is reversible error.

The Supreme Court has defined the plea of *nolo contendere* as ". . . a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty." *North Carolina v. Alford*, 400 U.S. 25, 35, 91 S.Ct. 160, 166, 27 L.Ed.2d 162 (1970). In that case, however, the Court was careful to note that a criminal defendant does not have an absolute right to have a guilty plea accepted by a court, and that a trial judge was not bound to accept every constitutionally valid guilty plea. *North Carolina v. Alford, supra,* 400 U.S. at 38, fn. 11, 91 S.Ct. 160; *Lynch v. Overholser,* 369 U.S. 705, 719, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962). This observation doubtless applies to *nolo* pleas as well. The Court also said: "Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford, supra,* 400 U.S. at 37, 91 S.Ct. at 167. Rule 11, Fed.R.Crim.P., requires that the judge be satisfied that there is a factual basis for a plea of guilty, but there is no similar requirement for a plea of *nolo contendere.*

At the outset, it seems at least arguable that the acceptance of a *nolo* plea is so broadly a matter of discretion that a judge's adoption of a policy against such a plea is itself within his discretion, and not subject to the principle on which Gratton relies. The Fourth Circuit found unobjectionable a judge's practice of accepting *nolo* pleas only in income tax evasion cases. *United States v. Dorman,* 496 F.2d 438, 440 (4th Cir. 1974), *cert. denied,* 419 U.S. 945, 95 S.Ct. 214, 42 L.Ed.2d 168.

A second consideration is whether an appellant who has been convicted after trial has standing to seek reversal of his conviction on the ground that the trial court refused to accept a *nolo* plea which would have produced the same conviction. In *Dorman,* although the court affirmed the conviction, it apparently assumed that the appellant's desire to avoid civil liability gave him standing to seek review of the trial court's refusal to accept a *nolo* plea.

In *United States v. Gaskins,* 158 U.S. App.D.C. 267, 485 F.2d 1046 (1973) the court reversed a conviction on the basis that there had been an abuse of discretion in refusing to accept a plea of guilty to a lesser offense. Gaskins was able to demonstrate that the refusal of his plea produced a different result. His plea was brought about by a bargain between him and the prosecutor, and conviction on the plea would have been for a different and less serious offense.

We note, also, that in *Gaskins* the court held that the trial court's insistence upon admission of the facts of the offense was an abuse of discretion. This court has upheld a conviction based on a guilty plea even though defendant refused to admit the facts which showed his guilt. *United States v. Davis,* 516 F.2d 574, 578 (7th Cir. 1975). See *United States v. Bettelyoun,* 503 F.2d 1333 (8th Cir. 1974).

In the case before us, however, there was no bargain; the conviction, had the *nolo* plea been accepted, would have been for the same offense; and Gratton

voices no concern about his civil liability arising out of the transactions. There was no showing before the district court of facts claimed to demonstrate that a *nolo* plea was appropriate. Although Gratton did not admit, in connection with his tendered plea, and denied at trial that he knew the checks were stolen, there was ample evidence from which the jury inferred that he did. Gratton suggests in his brief that he might have received a lighter sentence if he had been permitted to save the Government the expense of trial. His sentence, however, imposed after trial was not heavy—three years probation, with the first six months spent in custody.

In our view of this ground of appeal Gratton fails in at least two respects: He did not show on the record any persuasive reason why a plea of *nolo contendere* would be appropriate; he has not demonstrated any palpable disadvantage or prejudice resulting from conviction after trial in contrast with conviction on acceptance of a plea. We therefore do not consider the merits of the policy of the district court with respect to the *nolo* plea.

The judgment appealed from is affirmed.