IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALLEN WRIGHT, | § | |
| | § | No. 177, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2307002323 (N) |
| STATE OF DELAWARE | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 28, 2026
Decided: February 12, 2026

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>**ORDER**</u>

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    Allen Wright appeals from a Superior Court judgment of conviction for driving with a prohibited alcohol content. Wright contends that the Superior Court violated 11 *Del. C.* § 302 and impermissibly lessened the State's burden when it instructed the jury that, if it had a reasonable doubt as to a necessary element of the offense, it "should" find Wright not guilty. Because Wright did not object to the instruction, we review for plain error and, finding none, we affirm.

(2)     In the early morning of July 5, 2023, Delaware State Police Trooper Sean Setting stopped Wright's vehicle in Wilmington after observing lane violations and an improper stop.  While speaking with Wright, the trooper saw signs of impairment and what appeared to be an open bottle of brandy.  After obtaining a warrant, the trooper arranged a blood draw within four hours of Wright's driving. Wright had no access to alcohol in the interim. Testing reflected a blood-alcohol concentration of 0.19.  A grand jury indicted Wright for driving under the influence of alcohol and driving with a prohibited alcohol content.  After the Superior Court denied Wright's motion to suppress, the case proceeded to a jury trial.

(3)     At the close of the evidence, the Superior Court instructed the jury on the presumption of innocence and the State's burden to prove guilt beyond a reasonable doubt, defining that standard as proof that leaves jurors "firmly convinced" of the defendant's guilt.[1]  The court emphasized that the jury "must" find each element proven beyond a reasonable doubt to convict.[2]  As relevant here, the jury was required to find that Wright drove at the time and place charged and that either he was under the influence of alcohol when he drove or, within four hours after driving, his alcohol concentration was 0.08 or more from alcohol in his system while driving; the court further instructed that all twelve jurors had to unanimously

---

[1] App. to Appellee's Br. at B8 (Jury Instructions).

[2] *Id.* at B10 (Jury Instructions).

agree on at least one of those alternatives.[3]  In summarizing the State's burden, the court stated: "if you have a reasonable doubt as to a necessary element of the offense, you *should* find the defendant not guilty of the offense charged."[4]  The jury acquitted Wright of driving under the influence but convicted him of driving with a prohibited alcohol content, and the Superior Court sentenced him to two years at Level V incarceration, suspended after six months for one year of Level III supervision.

(4)    Plain error is limited to material defects apparent on the face of the record that are basic, serious, and fundamental.[5]  The defendant must show that the error was clear under current law and clearly prejudicial to substantial rights such that it jeopardized the fairness and integrity of the trial process.[6]  We review the jury instructions as a whole.[7]

(5)    Reviewing the charge as a whole, we conclude that the isolated use of "should" did not mislead the jury or dilute the reasonable-doubt standard.  The instructions repeatedly conveyed that the jury "must" find the elements established beyond a reasonable doubt and that the presumption of innocence "requires a verdict

---

[3] *Id.*

[4] *Id.* (emphasis added).

[5] *Suber v. State*, __ A.3d ___, 2026 WL 184867, at *5 (Del. Jan. 15, 2026) (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)).

[6] *Wainwright*, 504 A.2d at 1100.

[7] *Lowther*, 104 A.3d at 847; *McNally v. State*, 980 A.2d 364, 367 (Del. 2009) (citing *Floray v. State*, 720 A.2d 1132, 1138 (Del. 1998)).

of not guilty" absent such proof. The court further instructed that, if jurors had a reasonable doubt, they "must" give Wright the benefit of that doubt by finding him not guilty. Those mandatory formulations satisfied Section 302 and left no room for the jury to convict Wright in the face of reasonable doubt. Delaware courts have long approved reasonable-doubt instructions that use "should" in this context,[8] and other jurisdictions have likewise held that the use of "should," rather than "must," in directing an acquittal when reasonable doubt exists does not constitute reversible error.[9] Against that backdrop, the Superior Court's wording was neither misleading nor a clear deviation from settled law.

---

[8] *See In re Isaacs v. State*, 1997 WL 127958, at *3 (Del. Super. Feb. 11, 1997), *aff'd*, *Isaacs v. State*, 702 A.2d 926 (Del. 1997) (finding no reversible error where the jury was instructed that "the verdict *should* be 'guilty' and if there was a reasonable doubt, the verdict *should* be 'not guilty'") (emphasis added); *Thompson v. State*, 610 A.2d 727, 1992 WL 151414, at *4 n.2 (Del. May 27, 1992) (TABLE) (quoting instruction that if justification evidence raised a reasonable doubt, "you *should* find him not guilty") (emphasis added); *Deascanis v. State*, 2019 WL 5295706, at *2 (Del. Super. Oct. 18, 2019) (rejecting argument that it was reversible error for the court to tell the jury that it "should" consider only the trial evidence rather than it "must" do so).

[9] *See, e.g., United States v. Jackson*, 569 F.2d 1003, 1008–10 (7th Cir. 1978) (holding no plain error where the court's instructions, taken as a whole, were adequate and noting that the self-defense charge told jurors that if they accepted the defendant's version of events they "*should* find him not guilty") (emphasis added); *Thomas v. United States*, 213 F.2d 30, 32–33 (9th Cir. 1954) (describing as a correct statement of the law a reasonable-doubt charge that "if, after you have considered all the evidence, . . . you have a reasonable doubt of the guilt of the accused, you *should* acquit; if you have not, you *should* convict") (emphasis added); Federal Judicial Ctr., *Pattern Criminal Jury Instructions* 18–19 (1987) (approving reasonable doubt instructions that provide that if the government fails to prove guilt beyond a reasonable doubt, "you *should* find the defendant not guilty") (emphasis added), cited with approval in *Victor v. Nebraska*, 511 U.S. 1, 26 (1994) (Ginsburg, J., concurring in part and concurring in the judgment); *see also Gautney v. State*, 222 So. 2d 175, 180 (Ala. 1969) (finding no reversible error where the jury was told that if the State failed to prove its case beyond a reasonable doubt "then you *should* find the Defendant not guilty") (emphasis added); *State v. Morris*, 765 P.2d 1120, 1126 (Kan. 1988) (upholding instruction that if the jury had a reasonable doubt about the defendant's sanity "then you *should* find the defendant not guilty because of insanity") (emphasis added); *People v. Downs*, 69 N.E.3d

4

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

784, 786 (Ill. 2015) (quoting pattern instruction that if any proposition "has not been proved beyond a reasonable doubt, you *should* find the defendant not guilty," and rejecting challenge to the reasonable-doubt instructions) (emphasis added).